**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HUMBERTO MEDINA-CABRERA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-72058 <br><br> Agency No. A089-707-876 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Humberto Medina-Cabrera, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and the agency's adverse credibility determination, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility finding because Medina-Cabrera's testimony was internally inconsistent, unreliable, and not supported by sufficient evidence. *See Shrestha* at 1039-1044 (detailing REAL ID Act adverse credibility standards). Because Medina-Cabrera's testimony was not credible and he did not provide sufficient supporting documentation regarding his departures from the United States during the statutory time period, substantial evidence supports the agency's determination that he did not meet his burden of establishing continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A), (d).

Medina-Cabrera has not established that inadequate interpretation deprived him of a fundamentally fair hearing. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) ("To establish a due process violation, a petitioner must show that defects in translation prejudiced the outcome of the hearing.").

15-72058

To the extent Medina-Cabrera contends the agency should have exercised its sua sponte authority to reopen his case, we lack jurisdiction to consider this contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

We do not reach Medina-Cabrera's remaining contentions related to his supplemental hardship evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**